IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Georgette Y. Stewart, | ) | C/A No. 5:11-1622-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina State University, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Georgette Y. Stewart ("Stewart") filed a Complaint in the South Carolina Court of Common Pleas in Orangeburg County asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. against Defendant South Carolina State University ("the University"). The defendant removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motions to dismiss. (ECF Nos. 4 & 20.) Also pending before the court is Stewart's motion to amend her Complaint, in which she also seeks to have this matter remanded to state court. (ECF No. 15.)

This matter arises out of Stewart's employment with the University from August 1996 through May 2010. Stewart's Complaint purports to assert a claim under Title VII for age discrimination. In response, the University moved to dismiss the Complaint for failure to state a claim upon which relief may be granted because Title VII does not prohibit employment

discrimination based upon age.[1]  Stewart responded to the University's motion by seeking to amend her Complaint to withdraw her claim under Title VII and instead file a claim for age discrimination under state law, S.C. Code Ann. §§ 1-13-80 et seq.  Based on the proposed amendment, Stewart further requested that this matter be remanded to state court. (ECF No. 15.)  The University opposed Stewart's motion to amend as futile (ECF No. 19) and, alternatively, filed a motion to dismiss the Amended Complaint.  (ECF No. 20.)

Pursuant to Federal Rule of Civil Procedure 15(a), the court finds that Stewart may amend her Complaint.  Accordingly, the University's first motion to dismiss the Complaint (ECF No. 4) should be terminated as moot.

Stewart's Amended Complaint raises a claim based only on state law.  Therefore, in light of the fact that no federal claim remains to be adjudicated in this action, the court recommends granting Stewart's request to remand this matter to state court (ECF No. 15).  Based on this recommendation, the University's motion to dismiss the Amended Complaint (ECF No. 20) should be terminated.[2]

*/s/ Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 26, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] The University stated in their memorandum in support of the motion to dismiss that Stewart "can cure this deficiency by amending her Complaint as of right to lay her claim for age discrimination under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 *et seq.*, which *does* prohibit discrimination on the basis of age." (ECF No. 4-1 at 3) (emphasis in original).

[2] The University's motion to dismiss the Amended Complaint argues that Stewart's state law claim is untimely.  In light of the court's recommendation, the University's arguments are more properly presented to the state court for adjudication.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).