IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Georgette Y. Stewart, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 5:11-cv-1622-TLW-PJG |
| ) | |
| South Carolina State University, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# ORDER

On July 5, 2011, the defendant removed this civil action to this Court asserting jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. (Doc. # 1). On August 11, 2011, the plaintiff filed a motion to amend her complaint and to remand this case to state court. (Doc. # 15). On October 26, 2011, United States Magistrate Judge Paige J. Gossett, to whom this case had previously been assigned, found that the plaintiff could amend her complaint under Federal Rule of Civil Procedure 15(a). (Doc. # 26).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by the Magistrate Judge. (Doc. # 26). In the Report, the Magistrate Judge recommends that the District Court grant the plaintiff's motion to remand this action to state court (Doc. # 15) because the amended complaint raises a claim based only on state law. (Doc. # 26). The Magistrate Judge also recommends terminating the motions to dismiss (Docs. 4, 20) filed by the defendant. The defendant filed objections to the Report. (Doc. # 29). In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 26). Therefore, for the reasons articulated by the Magistrate Judge, the plaintiff's motion to remand this action to state court (Doc. # 15) is **GRANTED**.[1] In light of this ruling, the defendant's motions to dismiss (Docs. 4, 20) are terminated.

**IT IS SO ORDERED**.

                                                    s/Terry L. Wooten
                                                United States District Judge

January 10, 2012
Florence, South Carolina

---

[1] In its objections and motion to dismiss filed after the Report and Recommendation was issued (Docs. 28, 29), the defendant argues this Court should exercise jurisdiction over the plaintiff's claim in the amended complaint, which is for age discrimination under the South Carolina Human Affairs Law. See S.C. Code Ann. § 1-13-10 et seq. The defendant asserts this claim is clearly barred by the one-year statute of limitations prescribed for such claims. See S.C. Code Ann. § 1-13-90(d)6). After careful consideration, this Court declines to exercise jurisdiction over this state law claim and **OVERRULES** the defendant's objections (Doc. # 29). See Arrington v. City of Raleigh, 369 Fed. Appx. 420, 422-424 (4th Cir. 2010) (per curiam); Waybright v. Frederick Cnty., Md., 528 F.3d 199, 209 (4th Cir. 2008); Fox v. Custis, 712 F.2d 84, 89-90 & n.4 (4th Cir. 1983). In light of this ruling, the defendant's motion to dismiss (Doc. # 28) is terminated.